STEVEN KALAR
Federal Public Defender
DANIEL P. BLANK
Senior Litigator
450 Golden Gate Avenue
San Francisco, California 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: Daniel_Blank@fd.org

Counsel for Defendant CHAPMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 18-0364 EDL |
| Plaintiff, | **SENTENCING MEMORANDUM** |
| v. | Court: **Hon. Elizabeth Laporte** |
| KYLE CHAPMAN, | Date: January 25, 2019 |
| Defendant. | Time: 9:30 a.m. |

**INTRODUCTION**

Defendant Kyle Chapman generally concurs with the sentencing recommendation of the U.S. Probation officer of a sentence of probation for one year and either a fine of $500 or completion of 50 hours of community service, which is consistent with the plea agreement of the parties. However, Mr. Chapman has two factual corrections to the Final Presentence Report. In addition, Mr. Chapman strongly objects to the three proposed special conditions of probation.

**FACTUAL OBJECTIONS**

¶¶ 9-11: These paragraphs incorrectly state that Mr. Chapman was in possession of a "billy club" when he was arrested. Possession of a "billy club" by anyone is unlawful, in violation of California Penal Code § 22210. Although inaccurately described by the U.S. Park Police as an unlawful "billy club," what Mr. Chapman in fact possessed was a lawful Kubaton Self-Defense Key Chain, which is widely available for purchase, for example, on Amazon.com. *See* Attachment A (Bates US00017 and Amazon screen shot). Along these lines, ¶ 9 also incorrectly states that Mr. Chapman was charged with being a convicted felon in possession of a billy club in violation of § 22210, as assimilated by 18 U.S.C. § 13. As noted above, § 22210 proscribes the possession of a billy club by anyone, not just felons. More importantly, Mr. Chapman was never charged with any violation of § 22210, assimilated or otherwise. *See* Information (Docket #1) (filed Aug. 14, 2018). The distinction between possessing an unlawful billy club and a lawful self-defense key chain is of course an important one, particularly since the false allegation the Mr. Chapman possessed an unlawful billy club seems to animate the sentencing recommendation of the U.S. Probation Officer. *See* Sentencing Recommendation at 2.

¶ 19: There is a typographical error here regarding the dates of the conduct. It was on January 28, 2008, and February 8, 2008. Not "January 23, 2003."

**ARGUMENT**

Sentencing courts enjoy broad discretion in fashioning the conditions needed for successful supervision of a defendant, whether it is felony supervised release or, as here,

1

1   misdemeanor probation.  *See United States v. Lacoste,* 821 F.3d 1187, 1990 (9th Cir. 2016).

2   However, that discretion has enforceable limits, both statutory and constitutional.  *See id.*

> First, the condition must be reasonably related to the nature and circumstances of the offense; the history and characteristics of the defendant; or the sentencing-related goals of deterrence, protection of the public, or rehabilitation. 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B)-(D); *United States v. Rearden,* 349 F.3d 608, 618 (9th Cir.2003). Second, the condition must be consistent with the Sentencing Commission's policy statements. § 3583(d)(3). And finally, the condition may involve "no greater deprivation of liberty than is reasonably necessary" to serve the goals of supervised release. § 3583(d)(2); *see United States v. Riley,* 576 F.3d 1046, 1048 (9th Cir.2009).

*Id.* at 1190-91.  Moreover, a condition of supervision is constitutionally impermissible if it is vague or overbroad or impinges on such fundamental rights as those protected by the First Amendment.  *See, e.g., United States v. Johnson,* 626 F.3d 1085, 1090-91 (9th Cir. 2010) (striking gang association condition); *see also United States v. Hall,* __ F.3d __, 2019 WL 166127 (9th Cir. January 11, 2019) at *2 (noting, in striking condition of supervised release, that even "unconventional political activities" are "constitutionally protected").  Giving discretion to a probation officer of when to enforce an otherwise unconstitutional condition of supervision does not cure its infirmity.  *See, e.g., United States v. Evans,* 883 F.3d 1154, 1164 (9th Cir. 2018).

Three of the four proposed conditions of probation in this case violate these limits:  a) no "loitering" in the Golden Gate National Recreation Area; b) warrantless search; and c) no attending "political rallies, protests, or demonstration" without the permission of the probation officer.  Significantly, none of these proposed conditions is a "mandatory" condition, a "standard" condition, or even an identified possible "special" condition under U.S.S.G. § 5B1.3.  Each is addressed in turn below.

**A.  PROPOSED CONDITION 2: NO LOITERING IN GOLDEN GATE PARK**

A condition of supervision violates due process "if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Evans,* 883 F.3d at 1160 (citations and internal quotation marks omitted).  Here, proposed condition two states: "You must not loiter within the

boundaries of the Golden Gate National Recreation Area located in San Francisco County." No definition of "loitering" is offered.

For decades, the U.S. Supreme Court has held that criminal ordinances proscribing "loitering" are unconstitutionally vague. *See, e.g., City of Chicago v. Morales,* 527 U.S. 41, 57 (1999) (invalidating as unconstitutionally vague Chicago's anti-loitering statute in part because it did not give potential violators notice of "what loitering is covered by the ordinance and what is not"). Along these lines, the Ninth Circuit recently relied upon *Morales* to invalidate a municipal anti-loitering ordinance as unconstitutionally vague:

> In this respect, Section 85.02 presents the same vagueness concerns as the anti-loitering ordinance held unconstitutional in *Morales,* 527 U.S. 41. There, the Supreme Court found that a Chicago law prohibiting "loitering," which it defined as "remain[ing] in any one place with no apparent purpose," lacked fair notice, as it was "difficult to imagine how any citizen ... standing in a public place with a group of people would know if he or she had an 'apparent purpose.'" *Id.* at 56-57

*Desertrain v. City of Los Angeles,* 754 F.3d 1147, 1156 (9th Cir. 2014) (parallel citations omitted).

Similarly here, there is no way for Mr. Chapman to know what he is and is not allowed to do. Is he allowed to go on a hike? Have a picnic with his family? Sit and read a book or enjoy the view? Moreover, "the freedom to loiter for innocent purposes is part of the 'liberty' protected by the Due Process Clause." *Morales,* 527 U.S. at 53. Accordingly, the Court should decline to impose this proposed condition as unconstitutionally vague.

**B.   PROPOSED CONDITION 3: WARRANTLESS SEARCH**

The U.S. probation officer also proposes a warrantless search condition. Such a condition is not unconstitutional, even for misdemeanor probation based as here upon reasonable suspicion. *See, e.g., United States v. Scott,* 450 F.3d 863, 880 (9th Cir. 2006) (discussing *United States v. Knights,* 534 U.S. 112 (2001)). Nevertheless, as noted above, such a condition still must, as a statutory matter, relate to the offense of conviction. *See, e.g., United States v. Stoural,* 990 F.2d 372, 373 (8th Cir. 1993) (rejecting probation condition for warrantless search of the defendant because it was "not reasonably related to the crime to which he pleaded guilty or the purposes for his sentence").

Here, Mr. Chapman pleaded guilty to operating a motor vehicle off designated roads and parking areas. There is nothing about that offense which relates in any way to the need for a warrantless search condition. What evidence of this type of criminal activity can reasonably be expected to be uncovered by such a search? Nor does the need to enforce any other proposed condition of probation justify a warrantless search condition. Accordingly, the Court should not impose it.

### C. PROPOSED CONDITION 4: NO POLITICAL RALLIES

Of all the proposed conditions of probation objected to here, proposed condition 4 is the most offensive to the Constitution: "You must request permission from the probation officer prior to attending any scheduled political rallies, protests, or demonstration." Apparently, the probation officer was motivated to propose this condition by the political activities of Mr. Chapman, as well by a misunderstanding of whether Mr. Chapman was in possession of an unlawful "billy club" or merely a lawful Kubaton self-defense key chain. *See* PSR Sentencing Recommendation at 2. However, attending political rallies, protests and demonstration is, of course, core protected activity under the First Amendment that cannot be so easily impinged by conditions of supervision, particularly misdemeanor probation. *See Johnson,* 626 F.3d at 1091.

As the Ninth Circuit recently held, the First Amendment right to engage in even "unconventional political activities" generally cannot be abridged by conditions of supervision. *Hall,* 2019 WL 16627 at *2. Nor does empowering the probation officer with standardless discretion to decide which political rallies, if any, to permit Mr. Chapman to attend cure the glaring constitutional infirmity here. *See Evans,* 883 F.3d at 1164. If what the probation officer is trying to prevent is future criminal activity, that is already covered by the standard condition that Mr. Chapman not commit any other federal, state or local crime. Accordingly, the Court should decline to impose this condition.

### D. RIGHT TO TRAVEL

Finally, although not explicitly addressed in the Presentence Report, Mr. Chapman respectfully requests that the Court make clear that he has the right to travel, on the condition that he give prior notice to the probation officer of his itinerary and his contact information.

## CONCLUSION

For the aforementioned reasons, the Court should sentence Mr. Chapman to one year of probation but should not impose proposed conditions of probation two through four.

Respectfully submitted,

Dated:   January 18, 2019

STEVEN KALAR
Federal Public Defender
Northern District of California

              /S
DANIEL P. BLANK
Assistant Federal Public Defender