DAVID L. ANDERSON (CABN 149604)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

DENISE M. OKI (CABN 311212)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7196
    FAX: (415) 436-7234
    Email: Denise.Oki@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 18-CR-364 EDL |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| KYLE CHAPMAN, | |
| Defendant. | |

## I.  INTRODUCTION

The United States respectfully submits its sentencing memorandum in the above-captioned matter.  On October 23, 2018, Chapman pled guilty to Count Two of a misdemeanor Information charging him with Operating a motor vehicle off designated roads and parking areas, in violation of 36 CFR § 4.10(a).  The government is recommending a sentence pursuant to the joint recommendation contained in the filed plea agreement of one year probation and believes that this sentence is sufficient, but not greater than necessary, to achieve the sentencing goals of 18 U.S.C. § 3553(a).

## II.     THE DEFENDANT'S OFFENSE CONDUCT

As detailed in paragraphs six through eleven of the Presentence Report ("PSR"), Chapman was driving his truck at Fort Funston, an area within the Golden Gate National Recreation Area popular with hikers, dog walkers, hang gliders, and other visitors. According to the National Park Service website, Fort Funston is one of the premier hang-gliding spots in the country due to the 200 feet high bluffs on the most western edge of San Francisco.[1] Fort Funston is also the largest remaining sand dune field in the San Francisco peninsula.[2]

Chapman has admitted in the plea agreement that he drove his black truck on the sand behind the hang glider building and drove over the sand dunes. Dkt. 6, ¶ 2 and PSR ¶ 13. A witness recognized Chapman as someone who had been coming to Fort Funston for months and driving off the road recklessly. PSR ¶ 10. The witness reported that Chapman's truck had previously become stuck in the sand. *Id.*

## III.    THE DEFENDANT'S CRIMINIAL HISTORY

Chapman plead guilty to a Class B misdemeanor. The Sentencing Guidelines do not apply to Class B misdemeanors. Therefore, Chapman's criminal history points not calculated in this case to assess a guidelines sentence. However, Chapman's recent arrests and pending charge are troubling and concerning. PSR ¶¶ 21 – 25. Given Chapman's criminal history, the conduct for which he is being sentencing to before this Court is relatively minor. Under the 3553(a) factors, the Court can take factors such as these into consideration in order to deter future crime and provide just punishment for the offense, while taking the defendant's history into account. *See* 18 U.S.C. § 3553(a)(2).

## IV.     CONCLUSION

Under the applicable provisions of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) factors as applied to this defendant and his criminal conduct, the government requests that the Court impose a sentence consistent with the joint sentencing recommendation in the plea agreement.

---

[1] Website: https://www.nps.gov/goga/planyourvisit/fortfunston.htm last accessed January 20, 2019.

[2] Website: https://www.nps.gov/goga/planyourvisit/fortfunston.htm last accessed January 20, 2019.

1
2  DATED: January 20, 2019                    Respectfully submitted,
3
4                                             DAVID L. ANDERSON
                                              United States Attorney
5
6                                             _____/s/_____
7                                             DENISE M. OKI
                                              Special Assistant United States Attorney
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28